UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Paul J. Homer and Melinda A. Carpenter,<br>        *Plaintiffs*,<br><br>        *v.*<br><br>GMAC Mortgage, LLC,<br>        *Defendant*. | Civil No. 3:10cv1937 (JBA)<br><br><br><br>August 31, 2011 |

RULING ON MOTION TO REMAND

On November 1, 2010, Plaintiffs Paul J. Homer and Melinda A. Carpenter filed a Complaint in Connecticut Superior Court, Judicial District of Putnam at Willimantic, claiming that Defendant GMAC Mortgage, LLC ("GMAC") violated Conn. Gen. Stat. § 49-8 and the Connecticut Unfair Trade Practices Act ("CUTPA") by failing to provide a release of GMAC's mortgage on Plaintiffs' property upon their attorney's request following their full and final payment of the mortgage. GMAC removed to this Court on December 9, 2010, claiming diversity–of–citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs move [Doc. # 11] to remand this action on the ground that GMAC's removal was untimely; failed to rely on a pleading, motion, order, or other paper; and improperly relied on confidential settlement discussions. For the reasons stated below, Plaintiffs Motion to Remand will be denied.

I.      Factual and Procedural Background

Plaintiffs served their Summons and Complaint on GMAC on November 1, 2010. (Notice of Service, Ex. 1 to Mot. to Remand.) Plaintiff filed the Summons, Complaint, and Return of Service with the Superior Court on November 30, 2010. (Confirmation of E–Filing, Ex. 2 to Mot. to Remand.) Plaintiffs allege in their Complaint that they are

residents of Connecticut and that GMAC is a foreign limited liability company with its principal place of business in Fort Washington, Pennsylvania. (Notice of Removal [Doc. # 1] ¶ 2.) GMAC alleges that although Plaintiffs described the amount in demand as "in excess of $15,000" in their Statement of Amount in Demand, Plaintiffs' counsel demanded $500,000 to settle Plaintiffs' claims during a November 18, 2010 telephonic conference with a member of GMAC's legal department. (*Id.* ¶ 3; Opp'n [Doc. # 16] at 2.) GMAC filed its Notice of Removal with this Court pursuant to 28 U.S.C. § 1441 on December 9, 2010, claiming that this Court has diversity–of–citizenship jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 4.)

II.     Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.2d 298, 301 (2d Cir. 1994). "When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)), abrogated on other grounds by *Hertz Corp. v. Field*, 130 S. Ct. 1181, 1191–92 (2010); *see also Centermark*, 30 F.2d at 301 ("Where, as here, jurisdiction is asserted

by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").

II.     Discussion

Plaintiffs argue that the Court should remand this case because GMAC's notice of removal was not timely filed, GMAC did not base its removal on an "amended pleading, motion, order, or other paper" as required by 28 U.S.C. § 1446(b), and GMAC improperly relied on privileged settlement discussions in its removal. GMAC responds that its notice of removal was timely because it was filed within thirty days of the complaint being filed in Superior Court and that it properly relied on settlement communications in meeting the amount–in–controversy requirement under 28 U.S.C. § 1332.

A.     Timeliness

Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Neither the Second Circuit nor any of its component district courts, including this district, have addressed whether a notice of removal is untimely under Section 1446(b) if it is filed more than thirty days after a plaintiff serves the defendant with a complaint, but within thirty days of when the plaintiff actually files the complaint in state court. However, several district courts that have addressed this question have found that the thirty–day period does not begin to run until the complaint has been filed in state court. *See, e.g., Leverton v. Alliedsignal, Inc.*, 991 F. Supp. 481, 484 (E.D. Va. 1997) ("[F]or a document to be regarded as a pleading it must, at the very least be filed with a court. . . . Although it is undisputed that, through [the president of its Industrial Fibers division], AlliedSignal

3

received the courtesy copy of the unfiled motion for judgment sometime in July 1997—more than 30 days before filing its notice of removal—that document is not a 'pleading' for purposes of demarcating the beginning of the 30–day removal period under Section 1446(b)."); *Schneehagen v. Spangle*, 975 F. Supp. 973, 973–74 (S.D. Texas 1997) (Section 1446(b) "specifically provides that the time period for removal begins after receipt of the initial pleading 'upon which such action or proceeding is based.' . . . Until the state court action is filed, no action or proceeding yet exists."); *Arnold v. Fed. Land Bank of Jackson*, 747 F. Supp. 342, 343–44 (M.D. La. 1990) ("It is clear that the period for removal does not begin running upon the receipt of a mere courtesy copy of the state court petition that is not even filed with the state court.  Sending a courtesy copy of the petition to the defendants some sixty days prior to the actual filing of a suit in connection with settlement negotiations does not put a defendant on notice of removal, nor does it begin the tolling period because the suit is subject to being changed or not even being filed.").

Here, although Plaintiffs served their Complaint on GMAC on November 1, 2010, they did not file the Complaint with the Superior Court until November 30, 2010.  Under the Connecticut Superior Court Rules, Plaintiffs had thirty days from the return of service to file their Complaint with the Superior Court.  Conn. R. Super. Ct. Civ. § 10–8 ("Commencing on the return day of the writ, summons and complaint in civil actions, pleadings . . . shall first advance within thirty days from the return day.").  Because of the permissible yet peculiar timing under this rule, the Complaint was not a "pleading setting forth the claim for relief upon which such action or proceeding is based" until Plaintiffs filed it with the Superior Court on November 30, as there was no action or proceeding until that date.  *See Schneehagen*, 975 F. Supp. at 973–74.  In addition, although GMAC had a copy of

4

the Complaint that Plaintiffs eventually filed with the Superior Court, instituting their action, until that Complaint was filed, there would have been no action to remove. *See Arnold*, 747 F. Supp. 343–44. Because prior to November 30 there was no pleading setting forth a claim for relief and no civil action that could have been the subject of a notice of removal, GMAC's period under 28 U.S.C. § 1446(b) for filing its notice of removal did not begin until that date and thus its notice of removal filed December 9, 2010 was timely.

  B.  Reliance on Settlement Communications

  Rule 408 of the Federal Rules of Evidence provides in relevant part that evidence of "furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim" is inadmissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." However, Rule 408 does not prevent the Court from considering settlement offers "for the limited purpose of determining the amount in controversy when the pleadings themselves are inconclusive of that subject." *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004); *see also Yong Qin Luo v. Mikel*, 625 F.3d 772, 775–76 (2d Cir. 2010) (determining that the amount in controversy exceeded $75,000 by considering that "Luo's counsel told defense counsel that Luo's demand was $600,000"). Therefore, GMAC did not improperly rely on Plaintiffs' counsel's $500,000 settlement demand in its Notice of Removal.

  Plaintiffs also argue in their Motion to Remand that by relying on an oral settlement demand, GMAC failed to comply with the 28 U.S.C. § 1446(b) by not relying on "a copy of an amended pleading, motion, order or other paper" in claiming the amount in controversy

in its Notice of Removal. Plaintiffs improperly rely on Section 1446(b), however, insofar as Section 1446(b) does not address how a removing defendant can meet its burden of demonstrating that the requirements of 28 U.S.C. § 1332 are satisfied, but only sets out the period of time in which the removing defendant must file its notice of removal, i.e. within thirty days "after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Second Circuit held in *Yong Qin Luo*, 625 F.3d at 775–76, that an oral settlement demand of $600,000 established that the amount in controversy exceeded $75,000 at the time of removal, and Plaintiffs' counsel here conceded at oral argument that Defendant could properly rely on an oral settlement demand to establish the amount in controversy.

Plaintiffs' counsel nonetheless challenged at oral argument whether the November 18, 2010 telephonic conference, contained any such demand that would suggest the amount in controversy exceeds $75,000. In the Motion to Remand, Plaintiffs "reject[ed] GMAC's characterization of the [November 18] call" (Mot. at 4), and counsel elaborated at oral argument that his use of a $500,000 demand during the call was not intended as an expression of the Plaintiffs' estimate of the value of their claim, but rather a demand reflective of a potential class–action dispute that has not materialized. Counsel's attempted distinction between Plaintiffs' individual claims and a demand premised on a potential class–action suit is fanciful since the only settlement demand made by Plaintiffs' counsel in this matter was for $500,000. Although Plaintiffs' counsel explained at oral argument that he would not pursue class–action certification, he put forth a $500,000 settlement figure on

6

November 18, 2010, has not since made a different demand, and declined to stipulate that the value of Plaintiffs' case could not exceed $75,000.

Accordingly, the Court has before it a $500,000 demand said to reflect the upside recovery potential for Plaintiffs but no indication as to how much less than that amount remains in controversy. Plaintiffs counsel is under no obligation to stipulate regarding the amount in controversy, however he does not dispute that he previously only made a $500,000 settlement demand. Therefore, in light of this oral settlement demand, and pursuant to *Yong Qin Luo*, 625 F.3d at 775–76, GMAC has established that this case meets the amount–in–controversy requirement under 28 U.S.C. § 1332.

III.   Conclusion

For the reasons stated above, Plaintiffs' Motion [Doc. # 11] to Remand is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 31st day of August, 2011.